K:\6453_PFIZER-DHL(CYCLOTEC)\LEGAL+DISCOVERY\6453_COMPLAINT.DOCX

KENNEDY LILLIS SCHMIDT & ENGLISH
Charles E. Schmidt
125 Maiden Lane – Suite 5C
New York, N.Y. 10038-4753
Telephone: 212-430-0800
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PFIZER CIA. LTDA., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| - v. - | ) 1:2022 Civ. 5190 (    )<br>) |
| AIR EXPRESS INTERNATIONAL USA, INC.<br>doing business as DHL GLOBAL FORWARDING, | ) **COMPLAINT**<br>)<br>) |
| Defendant. | )<br>) |

Plaintiff, PFIZER CIA. LTDA. (hereinafter, "PCL" or Plaintiff), by its attorneys, Kennedy Lillis Schmidt & English, complaining of the defendant, AIR EXPRESS INTERNATIONAL USA, INC. doing business as DHL GLOBAL FORWARDING (hereinafter, "DHL") states and alleges the following.

**JURISDICTION AND VENUE**

1. All and singular of the following premises are true and constitute a claim for loss of or damage to cargo within the purview Convention for the Unification of Certain Rules for International Carriage by Air Montreal, 28 May 1999, S. Treaty Doc. No. 106-45 (2000), 2242 U.N.T.S. 350. ("Convention") a Treaty of the United States, and within the Treaty jurisdiction of the United States and of this Honorable Court pursuant to 28 U.S. Code § 1331.

1

2.      DHL is subject to personal jurisdiction in the State of New York by virtue of is having sought and received authority to do business in this State, by virtue of is conduct of regular and systematic activity within this State, and by virtue of its agreement pursuant to written contract ("Contract") to subject itself to the jurisdiction of this Court.

3.      Venue is proper in this District because under the terms of the Contract, DHL subjected itself to the jurisdiction of and venue in this Court.

## PARTIES

4.      At all relevant times, PCL had and now has the legal status and principal office and place of business stated in Schedule A, annexed hereto and by this reference made part hereof.

5.      At all relevant times, DHL had and now has the legal status and principal office and place of business stated in Schedule A.

6.      At all relevant times, DHL was and now is, inter alia, a carrier of goods by air for hire in foreign air commerce within the meaning of 49 USC § 40102(a)(22) .

## BACKGROUND

7.      On or about the date and at the place of receipt stated in Schedule A, the shipper recited therein delivered to DHL, as a carrier, the shipment described in Schedule A (hereinafter, "Shipment").

8.      The Shipment was then in actual good order and condition.

9.      DHL, or persons acting on its behalf for whose acts or omissions DHL is responsible, then and there accepted the Shipment so shipped and delivered to it.

10. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, DHL agreed to transport and carry the Shipment to the airport of unloading and the place of delivery stated in Schedule A, and there to deliver the Shipment in like good order and condition as when shipped, delivered to, and received by it to the consignee stated in Schedule A.

11. The air waybill of lading identified in Schedule A was thereupon issued by DHL or others acting on its behalf evidencing, together with the Contract, a contract of carriage of air governed by the Convention.

12. The said air waybill issued by or on behalf of DHL contained no exceptions as to the nature, quantity, quality or condition of the cargo comprising the Shipment.

13. All obligations PCL owed to DHL under the terms of the air waybill have been performed, waived or excused.

14. DHL failed to deliver the Shipment to the consignee in the same good order and condition as when received by it, in breach of its legal and contractual obligations as a carrier.

15. In consequence of DHL's failure to deliver the shipment as aforesaid, PCL has sustained losses in the nature and amount described in Schedule A.

16. PCL brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the Shipment, as their respective interests may ultimately appear, and PCL is entitled to maintain this action.

**AS AND FOR A FIRST CAUSE OF ACTION**

17. PCL repeats each and every allegation of the foregoing paragraphs 1 – 16 of this Complaint with the same force and effect as if fully set forth at length herein.

18. DHL's contract to transport the Shipment and the air waybill issued evidencing that contract were and are subject to the provisions of the Convention and the Contract.

19. DHL's failure to deliver the Shipment to the consignee in the same good order and condition as when received by it constitute an actionable breach of its obligations under the Convention and under the Contract.

20. Under the terms of the Convention and the Contract, DHL is liable for the damage to the Shipment.

21. By reason of the premises, PCL has been damaged in the sum of $309,577.74.

## AS AND FOR A SECOND CAUSE OF ACTION

22. PCL repeats each and every allegation of the foregoing paragraphs 1 – 16 and 18 – 21 of this Complaint with the same force and effect as if fully set forth at length herein.

23. The Shipment was entrusted to DHL and / or to persons for whose conduct DHL is vicariously liable.

24. The Shipment was in the possession of DHL and / or to persons for whose conduct DHL is vicariously liable when the Shipment was damaged.

25. The Shipment was damaged due to the acts or omissions of DHL and / or persons for whose conduct DHL is vicariously liable.

26. By reason of the premises, PCL has been damaged in the sum of $309,577.74.

**WHEREFORE:** PFIZER CIA. LTDA. demands judgment in its favor and against AIR EXPRESS INTERNATIONAL USA, INC. doing business as DHL GLOBAL FORWARDING,

awarding damages in the sum of $309,577.74, plus interest, together with the costs of this action and such other and further relief as to this Court shall appear just and proper in the premises.

Dated: New York, New York  
        June 21, 2022

KENNEDY LILLIS SCHMIDT & ENGLISH  
Attorneys for PFIZER CIA. LTDA.

By: *[signature]*  
Charles E. Schmidt  
125 Maiden Lane – Suite 5C  
New York, New York 10038-4753  
Telephone: 212-430-0800

## SCHEDULE A

Parties:

Plaintiff, PFIZER CIA. LTDA., is a legal entity organized and existing under and by virtue of the laws of the Republic of Peru with a principal place of business at Av. Simón Bolívar y Calle Nayón, SN, EkoPark, Torre 5, Piso 6, Quito 170124, Ecuador.

Defendant, AIR EXPRESS INTERNATIONAL USA, INC., is a corporation organized and existing under and by virtue of the laws of the State of Ohio with a principal place of business at 1210 South Pine Island Road, 1st Floor, Plantation, FL 33324, and was at all material times engaged in business as a foreign air carrier.

The Shipment:

| | |
|---|---|
| Shipper/Exporter: | Piramal Healthcare UK Limited |
| Consignee: | Pfizer Cia. Ltda. |
| Date of Shipment: | On or about December 24, 2020 |
| Place of Receipt by Defendant: | Morpeth, Northumberland, England |
| Airport of Departure: | London Heathrow Airport |
| Airport of Destination: | Mariscal Sucre International Airport |
| Place of Delivery: | Quifatex Warehouse, Quito, Ecuador |
| Commodity: | 78,594 units Cytotec 20o mcg |
| House Air Waybill: | Q432502 dated Dec. 24, 2020 |
| Master Air Waybill: | 729-62940835 |

Nature of Loss and Amount of Damage:

| | |
|---|---|
| Nature of Loss: | Crushing, deformation, rough handling damage |
| Amount of Loss: | $309,577.74, plus interest and costs |